# Installment Note -- Virginia -- Jim Walter Homes, Inc.

$ 184,428.00 3 / 20, 19X 1999

For value received, I, we, or either of us (whether one or more, "Buyer"), jointly and severally, promise to pay to the order of JIM WALTER HOMES, INC., at its principal office in Tampa, Florida, or at such other place as the holder ("Holder") hereof may designate in writing, in lawful money of the United States the sum of ONE HUNDRED EIGHTY-FOUR THOUSAND FOUR HUNDRED TWENTY-EIGHT AND XX / 100 Dollars ($ 184,428.00 ) in 360 equal monthly installments of FIVE HUNDRED TWELVE AND 30 / 100 Dollars ($ 512.30 ) each, the first installment to become due and payable on the "Payment Commencement Date" as set forth in the Completion Notice to be mailed or delivered by Jim Walter Homes, Inc., to Buyer upon substantial completion by Jim Walter Homes, Inc., of its contract obligations set forth in a building contract of even date herewith between Jim Walter Homes, Inc., and Buyer (the "Building Contract"), and one installment to become due on the same day of each succeeding month until payment in full. If not sooner paid, the entire outstanding indebtedness shall be due and payable 360 months from the Payment Commencement Date.

Buyer shall have the right to prepay this note in whole or in part without premium or penalty at any time. In the event of a prepayment in full, Buyer shall have the right to receive a credit for any unearned time-price differential (finance charge) computed pursuant to the "Actuarial Method".

For each installment not paid in full within fifteen (15) days of its scheduled due date, Buyer will be charged 5% of the unpaid amount of the installment in default.

For each check or draft tendered which is dishonored, returned for insufficient funds, or for any other reason whatsoever, Buyer agrees to pay in addition to the aforementioned late charge, a charge regarding said check in the amount of $15.00.

If the Buyer herein fails to perform any of the covenants and agreements contained in the Building Contract or Deed of Trust, or if any action or proceeding is commenced which materially affects the interest of Holder, in the property described in the Building Contract and Deed of Trust, then the Holder, at its option, upon notice to Buyer may make such appearances, disburse such sums, including reasonable attorney fees, and take such action as is necessary to protect its interest. Any amounts disbursed by the Holder pursuant to this right, shall accrue interest thereon until paid at the annual percentage rate shown in the Truth-in-Lending statement furnished to Buyer in the Building Contract and shall become additional indebtedness of Buyer secured by the Deed of Trust executed in conjunction with the Building Contract. Unless Buyer and Holder agree to other terms of payment, such amounts shall be due and payable upon notice from Holder to Buyer requesting payment thereof. Nothing contained in this paragraph shall require the Holder to incur any expense or take any action hereunder.

This note is secured by a Deed of Trust of even date herewith from Buyer to ROBERT E. KANE, JR. of HANOVER, Virginia, as Trustee(s), conveying property located in the COUNTY of LUNENBURG, Virginia.

It is agreed that time is of the essence of this note and that in the event of default in (i) the payment of any installment for a period of thirty days, or (ii) the performance of Buyer of any obligation contained in the Building Contract or any Deed of Trust securing this note, the Holder of this note may, at its option, after first deducting therefrom all precomputed but unearned time-price differential (finance charges), declare this note to be immediately due and payable. Any failure to exercise said option shall not constitute a waiver of the right to exercise the same at any other time.

In the event of such acceleration, the Buyer shall receive a credit for any unearned time-price differential (finance charge) computed pursuant to the "Actuarial Method." Interest on the remaining balance shall accrue thereafter at the annual percentage rate shown in the Truth-in-Lending statement furnished to Buyer prior to the execution of this note. In the event of such acceleration and if this note is placed in the hands of an attorney for collection, Buyer agrees to pay all costs of such collection, including a reasonable attorney's fee. Buyer further agrees that, in the event of a bankruptcy proceeding involving any Buyer, all amounts then due and owing on this note, including, without limitation ,the amount financed, time- price differential, late charges, advances authorized herein or in the Deed of Trust, and the costs of collection referred to above, shall thereafter, to the extent permitted by law, bear interest at the annual percentage rate shown in the Truth-in-Lending statement furnished to Buyer prior to execution of this note.

Buyer and all guarantors, endorsers and pledgers hereof hereby waive presentment, demand, notice of dishonor, protest and all other demands and notices in connection with the delivery acceptance, performance and enforcement of this note.

This note is governed by the laws of the Commonwealth of Virginia.

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

Given under the hand and seal of each Buyer.

Edwin O. Bell SEAL
EDWIN O BELL
Patricia L. Bell SEAL
PATRICIA L BELL
SEAL
SEAL

Pay to the Order of
Mid-State Homes, Inc.

Jim Walter Homes, Inc.

By ______________________

Its Vice President

Pay to the Order of

William J. Wade, Trustee

Mid-State Homes, Inc.

By ______________________

Its Vice President

Pay to the order of First Union National Bank, as Trustee, [illegible]

[illegible]

By [illegible] Homes, Inc.,
Its Attorney in Fact

By: ______________________

Vice President

Polk OK

VG

ENDORSEMENT ALLONGE

THE ENDORSEMENTS BELOW ARE MADE BY ALLONGE TO THE FOLLOWING PROMISSORY NOTE:

DATE: 03/20/1999
ACCOUNT NUMBER:
ORIGINAL AMOUNT: 184,428.00
ORIGINAL OBLIGEE: JIM WALTER HOMES
ORIGINAL OBLIGOR(S): BELL EDWIN O
BELL PATRICIA L

Pay to the order of Mid-State Homes, Inc., without recourse.

First Union National Bank,
formerly known as First Union
National Bank of North Carolina
By: Mid-State Homes, Inc.
its Attorney in Fact

By: Robert J Grant
Vice President

William J. Wade, not in his
individual capacity, but
solely as trustee of
Mid-State Trust V,
a business trust
By: Mid-State Homes, Inc.
its Attorney in Fact

By: Robert J Grant
Vice President

Pay to the order of William J. Wade,
not in his individual capacity but
solely as trustee of Mid-State
Trust VIII, without recourse.

Mid-State Homes, Inc.

By: Robert J Grant
Vice President

Pay to the order of First Union National Bank,
as Indenture Trustee, without recourse.

Mid State Trust VIII
By: William J. Wade, not in his individual
capacity but solely as trustee of
Mid-State Trust VIII

By: Mid-State Homes, Inc.
its Attorney in Fact

By: Robert J Grant
Vice President

968

BOOK 249 PAGE 273

# Deed of Trust -- Virginia -- Jim Walter Homes, Inc.

Richmond #187917

THIS DEED OF TRUST made this 20 day of MARCH X, 1999, by and between EDWIN O BELL, HUSBAND & PATRICIA L BELL, WIFE of the COUNTY of LUNENBURG, Virginia, (hereinafter called the Grantor(s)), and ROBERT E. KANE, JR. whose mailing address is 7110 Forest Ave, Richmond, VA 23226, Hanover County, Virginia (hereinafter call the Trustee(s)).

WITNESSETH:

That for and in consideration of the sum of Ten ($10.00) Dollars and other good and valuable consideration, the receipt of which is hereby acknowledged, the Grantor(s) hereby grant and convey to the Trustee(s) with General Warranty of Title the following described tract of land together with all improvements now or hereafter existing thereon and all appurtenances thereunto belonging lying in the COUNTY of LUNENBURG, Virginia:

03/20/99 LEXINGTON
360 VIRGINIA REGION
RICHMOND

BELL, EDWIN 187917

GRANTOR'S PROPERTY CONSISTS OF ONE (1) LOT, 85 X 90, LUNENBURG COUNTY, VIRGINIA

FOR LEGAL DESCRIPTION, SEE EXHIBIT E ATTACHED HERETO AND MADE A PART OF BY REFERNCE.

THIS INSTRUMENT PREPARED BY
Thomas E. Portsmouth, Attorney
P. O. Box 31601
Tampa, Florida 33631-3601

RETURN TO
JIM WALTER HOMES, INC.
P. O. BOX 31601
TAMPA, FLORIDA 33631-3601

IN TRUST NEVERTHELESS to secure the performance of the covenants herein contained and the performance of the terms and conditions of a building contract of even date herewith between Jim Walter Homes, Inc. and the Grantor(s) (the "Building Contract") and to secure the payment of an installment note of even date herewith (the "Note") made by the Grantor(s), payable to the order of Jim Walter Homes, Inc. at its office, P.O. Box 31601, Tampa, Florida 33631-3601, in the amount of ONE HUNDRED EIGHTY-FOUR THOUSAND FOUR HUNDRED TWENTY-EIGHT AND XX / 100 ($ 184,428.00) of which, $ 66,630.00 is the Amount Financed (also known as the amount of credit provided to the Grantor(s) by Jim Walter Homes, Inc., and secured by this Deed of Trust) and $ 117,798.00 is the Time-Price Differential (also known as interest or finance charge due pursuant to the terms of the Building Contract and the Note), payable in 360 equal monthly installments of $ 512.30 each, the first installment (which is estimated to be 9 /5/ 1999) to become due and payable on the "Payment Commencement Date" as set forth in the Completion Notice to be mailed or delivered by Jim Walter Homes, Inc., to the Grantor(s) upon completion by Jim Walter Homes, Inc., of its contract obligations set forth in the Building Contract, and one installment to become due on the same day of each succeeding month until payment in full. If not sooner paid, the entire outstanding indebtedness shall be due and payable 360 months from the Payment Commencement Date.

If the Grantor(s) herein fail to perform any of the covenants and agreements contained in the Building Contract or this Deed of Trust, or if any action or proceeding is commenced which materially affects the interest of the holder of the Note (the "Holder"), in the above described property, then the Holder, at its option, upon notice to Grantor(s), may make such appearances, disburse such sums, including reasonable attorney fees, and take such action as is necessary to protect its interest. Any amounts disbursed by the Holder pursuant to this right shall accrue interest thereon until paid at the annual percentage rate shown in the Truth-in-Lending statement contained in the Building Contract and furnished to Grantor(s) prior to the execution of the Note and this Deed of Trust, and shall become additional indebtedness of Grantor(s) secured by this Deed of Trust executed in conjunction with the Building Contract. Unless Grantor(s) and Holder agree to other terms of payment, such amounts shall be due and payable upon notice from Holder to Grantor(s) requesting payment thereof. Nothing contained in this paragraph shall require the Holder to incur any expense or take any action hereunder.

In the event of acceleration and if the Note is placed in the hands of an attorney for collection, Grantor(s) agree to pay all costs of such collection, including a reasonable attorney's fee. Grantor(s) further agree that, in the event of a bankruptcy proceeding involving any Grantor(s), all amounts then due and owing on the Note, including, without limitation, the amount financed, time-price differential (finance charge), late charges, advances authorized therein or in this Deed of Trust, and the costs of collection referred to above, shall thereafter, to the extent permitted by law, bear interest at the annual percentage rate shown in the Truth-in-Lending statement contained in the Building Contract furnished to Grantor(s) prior to execution of the Note and this Deed of Trust.

This Deed of Trust is to be construed with reference to Sec. 55-59 and 55-60 of the Code of Virginia and, according to the short form as follows:

Advertisement required: three (3) times in a newspaper of general circulation in the place where the above property is located.

Subject to all upon default.
Substitution of Trustee permitted.
Exemptions waived.
Renewal or extension permitted.

Insurance required: To keep all buildings and structures now or hereafter erected upon above described property constantly insured in an amount not less than the lesser of the actual cash value of such buildings or the indebtedness secured by this Deed of Trust, against all loss or damage by fire, windstorm or tornado, and extended coverage as may be required by Holder, and in a company or companies acceptable to said Holder and it shall be incumbent upon Grantor(s) to maintain such additional insurance as may be necessary to meet and comply fully with all co-insurance requirements contained in the policies to the end that Grantor(s) is not a co-insurer under those policies. All policies and renewals shall be delivered to and held by Holder. All said policies and renewals thereof shall contain standard mortgagee clauses, with or without full contribution as the Holder shall require, and in such forms as shall be satisfactory to the Holder by which any loss or damage under said policies shall be payable to the Holder as its interest may appear. Should the Grantor(s) fail to keep insurance in force or pay taxes when due, it shall be lawful for the Holder to effect such insurance and pay such taxes, and the monies paid shall be a Lien on the said mortgaged premises, added to the amount of said Note or obligation, and secured by these presents, payable on demand.

WITNESS the following signatures and seals:

Edwin O. Bell
EDWIN O BELL SEAL

Patricia L. Bell
PATRICIA L BELL SEAL

COMMONWEALTH/STATE OF Virginia
CITY/COUNTY OF Hanover, to-wit:

The foregoing Deed of Trust was acknowledged before me on this 30 day of March 1999, by Edwin O. Bell and Patricia L. Bell, Grantor(s) herein.

[signature]
Notary Public

My Commission expires
November 30 1999

BOOK 249 PAGE 275

EXHIBIT E

ALL that certain tract or parcel of land, lying and being in the Town of Kenbridge, Lunenburg County, Virginia, containing 0.175 acre, as shown on that certain plat of survey made by Frederick A. Gibson & Associates, P.C., Professional Land Surveyor, a copy of which is attached hereto and recorded herewith.

BEING a part of the same property conveyed to Willie M. Seward by deed from E. S. Roby, Jr., dated March 18, 1994 and recorded September 22, 1994, in the Clerk's Office, Circuit Court, Lunenburg County, Virginia in Deed Book 218, page 457.

Being the same property conveyed to Edwin O. Bell and Patricia L. Bells, husband and wife by deed from Willie M. Seward and Ruth I. Seward, husband and wife, dated the 2nd day of April, 1999, said deed to be recorded before Deed of Trust.

INSTRUMENT #990000968
RECORDED IN THE CLERK'S OFFICE OF
COUNTY OF LUNENBURG ON
JUNE 8, 1999 AT 09:59AM
GORDON F. ERBY, CLERK

BY: [signature] (DC)